RALPH M. PHILLIPS, ESQ. (SBN 64481)
LEWIS N. LEVY, ESQ. (SBN 105975)
DANIEL R. BARTH, ESQ. (SBN 274009)
**LEVY PHILLIPS, APC**
20700 Ventura Blvd., Suite 320
Woodland Hills, CA 91364
Telephone: (818) 797-5777
Email: rmp@levyphillipslaborlaw.com
        lnlevy@levyphillipslaborlaw.com
        dbarth@levyphillipslaborlaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT AGUILAR; ADRIAN J. AGUIRRE; EMILIO AGUIRRE; JUAN ALARCON; NANCY ALAS; MICHAEL ALLEN; JORGE ALVAREZ; RICARDO AMARO; DERRICK ANDERSON; JARED ANDREWS, JR.; ANDREW ARELLANO; CARLOS J. ARELLANO; ENRIQUE ARELLANO; PORTER ASHLEY; JAIRO ATIENZO; ERNESTINA AVINA; CHRISTOPHER BALLESTEROS; JESUS BARRALES ROMERO; BAREN L. BAYLOR; DAVID K. BECKTON; YARED BEKELE; RODNEY E. BELL; WILLIAM A. BELTRAN; JUAN F. BERNAL, JR.; ROBERT T. BERRIOS; HEBER BORUNDA; DEON L. BOWEN; FRANK M. BOWMAN; LEOPOLDO BRAMASCO; MICHAEL BROADNAX; DONALD C. BROWN; | CASE NO.: 2:18-cv-03057 <br><br> **COMPLAINT FOR VIOLATION OF ERISA:** <br><br> **BREACH OF FIDUCIARY DUTY; BREACH OF PLAN DOCUMENTS; FAILURE TO TRANSFER PLAN ASSETS; DISCRIMINATORY INTERFERENCE WITH PROTECTED RIGHTS; AND FAILURE TO PROVIDE INFORMATION** |

DELROY BURNETT; DARYL
BUTLER; DELBERT BYRD;
DERRICK BYRD; PABLO JESUS
CABRERA; RALPH CACHO;
GUILLERMO CALLEROS;
HERCHELL CALLOWAY; PEDRO
CANALES; SANTO CARCAMO;
DANIEL C. CARDIEL; EDGAR
CARLOS BARRAZA; HUMBERTO
CARMONA; RENE CARMONA;
ARNULFO CASAS; HECTOR CASAS;
KESHAWN CASS; ANGEL M.
CASTILLO; ROGER CASTILLO;
JACOB K. CASTRO; FLORENTINO
CAZAREZ; ORLANDO CAZAREZ;
IGNACIO CEDANO; ANA LUISA
CHACON; CHAMROEUN CHAING;
CARL CHAVEZ; DAVID A.
CHAVIRA; NELSON CHHAN;
DANIEL CISNEROS; TYRONE
CLARDY, JR.; EFREN CLIMACO-
MENDOZA; JOSE COCA; ALEX
CONTRERAS; DAVID CONTRERAS;
GUADALUPE CONTRERAS; JOSE
CONTRERAS; JUMANE COOPER;
JOSEPH E. CORTES; JOSE LUIS
CORTEZ; REGINALD D.
CRANDELL; KAWON CRAYTON;
DEON DANIELS; JORGE A.
DAVALOS; ERSKINE DAVIS;
HAYWARD T. DAVIS; ROSENDO DE
LA CRUZ; KARL DE LA TORRE;
RICK DEAUBE; JOSE DELGADO;
MIKE DELGADO; DAMONE DENT;
CHARLES DESMOND, JR.; CELSO
DIAZ; GILBERT DIAZ; JUAN J.
DIAZ; MARCUS DIXON; DARIUS
DRAFTON; OBED DUARTE;
RONALD DUHON; CHRISTOPHER
EATMON; REGINALD EBERHARDT;

COMPLAINT

CARL D. ELLISON; JULIA ENRIQUEZ; LETICIA ENRIQUEZ – GIL; RONALD ERWING; MARIA ESPINO PORTILLO; LUIS ESPINOZA; JORGE A. ESQUIVEL; OSCAR O. ESQUIVEL; EDUARDO ESTRADA; FRANK ESTRADA; DANIEL C. FELIX, SR.; MARCO A. FERNANDEZ; JONATHAN FINNEY; JESUS P. FITCH; JONATHAN FLORES; LUIS X. FLORES; MARCOS A. FLORES; VERULO FLORES; JOSE ISAAC FLORES, JR.; RICHARD FLOWERS; EARL FLOYD; JOSE FONSECA; MARVIN FRANCO; RODERICK D. FRANK; ARTURO FRIAS; PAUL GAMEZ; ROGELIO GANDARA, JR.; FRANCISCO G. GARCIA; HOWARD E. GARCIA; MCDUFFIE GARRETT; DELVONTE GIBBS; GONZALO GIL; DENNIS GILLESPIE; CASSIDY GLASPIE; HENRY GOMEZ; MILTON E. GOMEZ; ADRIAN GONZALEZ; DYANA C. GONZALEZ; NOE GONZALEZ; TYREE GRAHAM; RASIM GRCIC; GARY GREEN; JOHNNY N. GUTIERREZ; JUAN G. GUTIERREZ; LEVIN A. GUTIERREZ; JOHN M. GUZMAN; JAMAAL HANEY; STEVEN HARRIS; DENNIS L. HARVILLE, JR.; FATEH HASBELLAOUI; ADRIAN HERNANDEZ; ADRIAN HERNANDEZ; ARMANDO E. HERNANDEZ; FRANCISCO HERNANDEZ; HENRY D. HERNANDEZ; RUBEN HERNANDEZ;  JORGE HERRERA; KYIN HLIANG; LINDSEY HOGAN;

TYRONE W. HOLMES, JR.;
LEONDRA L. HOLT; ERIC HUDSON;
DANIEL HUERTA; REGINALD
JACKSON; JEFFERY L. JEFFERSON;
BERT A. JENNINGS; JAVIER G.
JIMENEZ; DAVID LEE JOLLEY, JR;
GARLAND V. JONES, JR.;
BERNARDO ANTHONY JUAREZ;
GREGORIO JUAREZ; DWAYNE
KELLEY; NICHOLAS KENNEDY
WILLIAMS; AMANIAS KIDANE;
JOHNNY T. KNIGHT; ROBERT S.
KNIGHT; JOHN DAVE LACANILAO;
ARTUR LALOYAN; ALONSO
LANDEROS; JUAN LANDEROS;
DIRK D. LAWRENCE; LESLIE
LAWRENCE; JAMES M. LEE;
TRAVIS LEE; ANDREW P. LEON;
DAVID M. LEON; RUPERTINO
LEON; ALEX F. LOPEZ; EDWARD G.
LOPEZ; ERIC LOPEZ; EVLALIO
LOPEZ HERNANDEZ; ISRAEL
LOPEZ SOTELO; PEDRO J. LOPEZ,
JR.; HECTOR JAIME LUNA; FIDEL
MAGALLON; THEODORE MALONE;
LUIS MANZO; DANI MARCOS;
HUGO MARISCAL; BENJAMIN
MARTINEZ;  JOE L. MARTINEZ;
RAUL R.  MARTINEZ; MIGUEL
MATURINO; MOONNEY MAY;
MAURICE MCCOY; MELVIN
MCCOY; DESHON B. MCCRAY;
TIMOTHY MCKINLEY, JR.;
MARLON MCNEIL; ANGEL MEJIA;
SERGIO MEJIA; MARGIE
MELENDEZ; JESUS MENCHACA;
FRANCISCO J. MENDEZ; ROMAN
MENDOZA; EDWARD MENIEFIELD;
MAKONNEN MILES; FRANK
MIRAMONTES;

COMPLAINT

RAYMOND MONTANEZ; ROGELIO MONTIEL; DONALD R. MOORE; VINCENT A. MOORE; CEDRIC MOORE, JR.; GILBERT MORA, JR.; GILBERT R. MORA, SR.; FELIPE MORALES; LEONEL MORENO; SIMON MORENO; ANGEL ERICK MORENO-VICTORIA; MIGUEL A. MORGAN; OLAREWAJU MOSES; JULIO MOYA; DARETH MUK; VIRGUS MUNNS; FRANCISCO A. MUNOZ; JUAN DANIEL MUNOZ; SERGIO MUNOZ; ANTHONY E. MURPHY; CARLOS NAVARRO; MIGUEL NAVARRO; ROBERT NEAL; BYRON C. NELSON, SR.; GLENN O'CLARAY; ROBERT J. OROZCO; HECTOR ORTEGA; ISAIAS ORTEGA; ALEJANDRO A. ORTEGA PICON; HECTOR L. ORTIZ; RODRIGO ORTIZ; ALEXIS OSEGUERA; AGUSTIN OSORNIO; ROBIN M. OWENS; LOUIE PALACIOS, JR.; ARMANDO PADILLA, JR.; GINO PALACIOS; DARRYL PALMER; RODRIGO PASTRANO; STEVEN PEREZ; NATHAN PHORNSOVANN; JOSE PINEDA; MIGUEL PIZANA; RYAN PLASCENCIA; DAMIAN POLK; GILBERT POSADA; GREGORY POSTELL; PRAYONG POUEY; ROLANDO POYAOAN; CHRISTOPHER PRATER; JOSE M. PRECIADO; IVAN RABB; SANTIAGO RAFAEL; LEON RAILBACK; OCTAVIO RAMIREZ; PABLO M. RAMIREZ; MICHAEL RAMOS; ADRIAN RECENDEZ;

GREGORY REYES; ANTONIO
REYNOLDS; JUAN RIVAS;
MATTHEW RIVERS; BARRY J.
ROBINSON; EMMETT ROBINSON;
GREGORY L. ROBINSON; GLORIA
ROBLES; JEREMY H. RODRIGUEZ;
JOHNNY E. RODRIGUEZ; JOSE A.
RODRIGUEZ; MARTHA DOLORES
RODRIGUEZ; JESUS RODRIGUEZ,
JR.; RONNIE ROLLAND; VICTOR
ROMERO; REYMUNDO ROSAS;
ERNIE ROYBAL; SILVESTRE S.
RUBIO; PEDRO H. RUIZ;
RIGOBERTO RUIZ, JR; SAMUEL
SAAVEDRA; CARLOS VICTOR
SAENZ; ALFRED SALAS; ROBERT
SALAZAR; ANTHONY R. SALAZAR,
JR.; DAVID SALINAS; JOSE
SANCHEZ; WAYNE SANCHEZ;
JESSE SANDERS; FRANCISCO
SEPULBEDA; ALFRED SEPULVEDA;
JESUS SEPULVEDA; DEMETRIUS
SHANKS; CESAR SILVA; ARYEL
SILVEYRA; MARQUES SIMON;
RONZEL SIMPSON; JESSE L. SMITH;
DARRIN L. SNODDY; RAYMOND
SNOWDEN, III; LUIS M. SOTO;
KWOK CHE SUNG; ARTURO
TALAVERA; STEPHEN TAN;
AARON TANNER; WILLIE TATUM,
JR.; COLLINS THOMAS; SHARECE
THOMAS; REGINALD TINSLEY, JR.;
IGNACIO TOPETE; KHELIL TOUDJI;
TALAVOU TUSA; DEON TYLER;
GREGORY DEAN TYSON; EDDER
UMANA; FRANCISCO J. VALADEZ;
JUAN VALLE; LEONARD VALLES;
JUAN A. VASQUEZ; JUAN C.
VASQUEZ; ANTONIO VELOZ; JUAN
VELOZ; MICHAEL VICKS;

MIGUEL A. VILLALOBOS;
BRIAN VILLARREAL; JESUS
VILLARREAL; JIELI WANG;
LEONARD WASHINGTON;
LOUIE WATKINS; MICHAEL J.
WILCHER; DONNIE R. WILLIAMS;
JOSE L. WITRAGO, JR.; ROBERT L.
WOODS; JERRY WRIGHT, JR.;
ALEXIS YEE-CRUZ; BOUNTAR
YORN; PRAYATH YORN; SERGIO
ZINTZUN

        Plaintiffs,

        v.

NATIONAL PRODUCTION
WORKERS UNION SEVERANCE
TRUST PLAN; JOSEPH VINCENT
SENESE, ROSIE GIBSON, JOSE
DIAZ, JAMES MALLOY, SCOTT
GORE, and/or their successors,
INDIVIDUALLY AND IN THEIR
CAPACITIES AS THE BOARD OF
TRUSTEES OF THE NATIONAL
PRODUCTION WORKERS UNION
SEVERANCE TRUST PLAN; and
JAMES MELTREGER, and/or his
successor, INDIVIDUALLY AND IN
HIS CAPACITY AS PLAN
MANAGER OF THE NATIONAL
PRODUCTION WORKERS UNION
SEVERANCE TRUST PLAN,

        Defendants.

COMPLAINT

Plaintiffs, by and through their attorneys of record herein, allege as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction pursuant to 29 U.S.C. § 1132(e) and (f), 29 U.S.C. § 1451, and 28 U.S.C. §133l.

2.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 and 29 U.S.C. § 1132(e), as a substantial part of the events giving rise to Plaintiffs' claims occurred within this District, Defendants may be found in this District, Defendants regularly communicate with participants in this District, and the breaches alleged herein occurred in this District.

## NATURE OF THE CASE

3.    This case arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. 1001, *et seq.* It concerns the unlawful refusal of Plaintiffs' prior pension plan, the National Production Workers Union Severance Trust Plan a/k/a National Production Workers Union Severance Trust Fund (the "NPW Severance Plan" or "Severance Plan"), to transfer Plaintiffs' account balances to their current pension plan, the Supplemental Income 401(k) Plan (the "SIP 401(k) Plan"), following a certified change in collective bargaining representative. This case also concerns the NPW Severance Plan's use of plan assets for unlawful purposes. Finally, this case concerns the NPW Severance Plan's failure to timely provide plan participants with information as required by ERISA.

4.    Through this action, Plaintiffs seek, *inter alia,* an order directing the NPW Severance Plan to transfer Plaintiffs' account balances to the SIP 401(k) Plan and to reform the Severance Plan's governing documents to comply with law, as well as other equitable, injunctive and declaratory relief. Plaintiffs also seek statutory penalties for the Severance Plan's failure to provide information as required by ERISA.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PARTIES**

5.     All of the individual Plaintiffs named in this Complaint (hereinafter the "Plaintiffs") reside in this District, with the exception of Plaintiff Miguel Villalobos who resides in the County of San Diego. Plaintiffs are currently employed by Parsec, Inc. ("Parsec") at its Santa Fe Railway Intermodal Facility in Los Angeles, California ("Los Angeles Facility"), and are represented for purposes of collective bargaining by General Teamsters, Airline, Aerospace And Allied Employees, Warehousemen, Drivers, Construction, Rock And Sand, Local 986, International Brotherhood Of Teamsters ("Teamsters Local 986" or "Local 986"). Plaintiffs were active participants in the NPW Severance Plan, a jointly administered labor-management multi-employer trust plan governed by ERISA, during the period of time they were covered by successive collective bargaining agreements ("former CBAs") between National Production Workers Union, Local 707 ("NPW Local 707" or "Local 707") and Parsec. As required by the former CBAs, Parsec made contributions to the NPW Severance Plan on behalf of Plaintiffs and all other employees who were then covered by the former CBAs at its Los Angeles Facility. By virtue of a change in collective bargaining representative – *e.g.,* the replacement of NPW Local 707 with Teamsters Local 986 and the negotiation of an interim successor CBA ("current CBA") between Parsec and Local 986 – Parsec now makes contributions to the Teamsters SIP 401(k) Plan on behalf of Plaintiffs and all other Local 986-represented employees at the Los Angeles Facility. The SIP 401(k) Plan is a multi-employer defined contribution pension plan governed by ERISA.

6.     Only for purposes of Claims for Relief 9 and 10, below, which seek penalties for the Severance Plan's failure to provide information required under ERISA, Plaintiffs are divided into two groups: **Group 1 Plaintiffs** and **Group 2 Plaintiffs**. Group 1 Plaintiffs consist of those Plaintiffs who made written requests for information to which they are entitled under ERISA. Group 2 Plaintiffs consist

of those Plaintiffs who have not submitted written requests for information, but who are nonetheless automatically entitled to certain information under ERISA. The names of the Group 1 Plaintiffs and Group 2 Plaintiffs are divided and listed in Exhibit "1," attached hereto, and incorporated by reference herein.

7.      The NPW Severance Plan is a multi-employer defined contribution "money purchase" pension plan as defined by ERISA. The Severance Plan's assets are held in trust by the Severance Plan. The purpose of the Severance Plan is to provide retirement benefits to qualified participants and their beneficiaries in the amounts and under the conditions specified in the January 1, 1985 Restated Trust Agreement and Declaration of Trust ("Trust Agreement"), the Plan Document of the Severance Plan, the Summary Plan Description ("SPD"), and in accordance with applicable law. The participants in the Severance Plan have their own individual accounts.

8.      The following named individuals: Joseph Vincent Senese, Rosie Gibson, James Malloy, Scott Gore and Jose Diaz, jointly and individually comprise the Defendant Board of Trustees of the Severance Plan ("Defendant Board of Trustees"). Defendant Board of Trustees is, and at all material times was, the Plan Administrator and Plan Sponsor – as defined by 29 U.S.C. §§ 1002(16)(A) and (B) – of the Severance Plan.  Defendant Board of Trustees is a fiduciary with respect to the Severance Plan in its capacity as Plan Administrator, as a named fiduciary pursuant to 29 U.S.C. § 1102(a) and/or owing to the exercise of powers and actions described in 29 U.S.C. § 1002(21)(A). Defendant Board of Trustees has a duty to administer the Severance Plan in accordance with the Trust Agreement, the Plan Document, the SPD and all applicable laws.

9.      Defendant Joseph Vincent Senese is, on information and belief, an officer and/or employee of NPW Local 707 and a union-appointed trustee and fiduciary of the Severance Plan charged with the duty to administer the Severance

Plan in accordance with all applicable laws and governing documents of the Severance Plan.

10.     Defendant Rosie Gibson is, on information and belief, an officer and/or employee of NPW Local 707 and a union-appointed trustee and fiduciary of the Severance Plan charged with the duty to administer the Severance Plan in accordance with all applicable laws and governing documents of the Severance Plan.

11.     Defendant Jose Diaz is, on information and belief, an officer and/or employee of NPW Local 707 and a union-appointed alternate trustee and fiduciary of the Severance Plan charged with the duty to administer the Severance Plan in accordance with all applicable laws and governing documents of the Severance Plan.

12.     Defendant James Malloy is, on information and belief, an employer-appointed trustee and fiduciary of the Severance Plan charged with the duty to administer the Severance Plan in accordance with all applicable laws and governing documents of the Severance Plan.

13.     Defendant Scott Gore is, on information and belief, an employer-appointed trustee and fiduciary of the Severance Plan charged with the duty to administer the Severance Plan in accordance with all applicable laws and governing documents of the Severance Plan.

14.     Defendant James Meltreger is, on information and belief, an officer and/or employee of NPW Local 707 and the "Plan Manager" of the Severance Plan, appointed by the Board of Trustees – pursuant to its discretion under the Plan Document – to act on its behalf in connection with day-to-day operations and administration of the Severance Plan. Defendant Meltreger is also referred to as the "Fund Director" in the Severance Plan's SPD. On information and belief, Defendant Meltreger is a fiduciary of the Severance Plan charged with the duty to

administer the Severance Plan in accordance with all applicable laws and governing documents of the Severance Plan.

## FACTUAL ALLEGATIONS

### Allegations Regarding Defendants' Failure to Transfer Plan

### Assets to the Teamsters SIP 401(k) Plan

15.    For a number of years, NPW Local 707 represented Plaintiffs and other employees at Parsec's Los Angeles Facility ("Los Angeles Bargaining Unit"). Pursuant to successive former collective bargaining agreements between Parsec and Local 707, Parsec made contributions on behalf of Los Angeles Bargaining Unit employees to the Severance Plan. These contributions ceased in or about June 2017, when Teamsters Local 986 replaced NPW Local 707 as the Los Angeles Bargaining Unit's certified bargaining representative and Parsec was no longer obligated or permitted to make contributions to the Severance Plan.

16.    Consistent with the defined contribution structure of the Severance Plan, all participants (including Plaintiffs) have their own individual accounts. The value of each participant's account is based solely on employer contributions made on the participant's behalf and investment net income allocated to the participant's account, less allocable portions of Plan administration fees and investment losses. Each participant's right to receive benefits under the Plan is fully vested immediately when she or he becomes a participant.

17.    The Severance Plan is jointly administered, through the Board of Trustees, by the National Production Workers Union and the various signatory employers who contribute to the Plan. Representation on the Severance Plan's Board of Trustees is equally divided between the NPW Union and the employers; two (2) trustees are appointed by the NPW Union and the other two (2) are appointed by the employers. The NPW Union has also appointed an alternate

trustee. On information and belief, all of the union-appointed trustees are officers and/or employees of NPW Local 707.

18.   In 2016, Los Angeles Bargaining Unit employees who were dissatisfied with Local 707's representation launched a campaign to decertify from Local 707 and certify Local 986 in its place. On or about September 1, 2016, Local 986 filed a Petition for Certification of Representative (Case No. 21-RC-183412) with the National Labor Relations Board (NLRB). A hard-fought election campaign ensued, with Local 707 vigorously opposing the Los Angeles Bargaining Unit's effort to replace Local 707 with Local 986.

19.   One of the major issues in the campaign was the Severance Plan. Many members of the Los Angeles Bargaining Unit, including Plaintiffs, were unhappy with the management and performance of the Plan. They wanted to leave the Severance Plan, become participants in the Teamsters SIP 401(k) Plan, and transfer their existing Severance Plan accounts to the Teamsters Plan. During the campaign, Local 707 explicitly threatened Los Angeles Bargaining Unit members by repeatedly telling them that, by voting for Local 986, they would lose complete control over their accounts, which would stay within the control of the NPW Union, and they would not be permitted to withdraw their money or otherwise transfer their accounts to the Teamsters Plan.

20.   A representation election was held on November 9 and 10, 2016. Local 986 prevailed, receiving nearly 70% of all votes cast. Thereafter, on or about March 15, 2017, Local 986 was certified by the NLRB as the exclusive bargaining representative for the Los Angeles Bargaining Unit, replacing Local 707. In August 2017, Local 986 and Parsec entered into an interim collective bargaining agreement which, *inter alia,* provided for Parsec to begin making contributions – retroactive to June 22, 2017 – to the Teamsters SIP 401(k) Plan. Local 986 and Parsec also entered into a Subscriber Agreement with the SIP 401(k) Plan that likewise called

for Parsec to begin making contributions to the SIP 401(k) Plan retroactive to June 22, 2017.

21.     By reason of this certified change in collective bargaining representative, the interim CBA between Parsec and Local 986, and the Subscriber Agreement with the SIP 401(k) Plan, Plaintiffs are now participants in the SIP 401(k) Plan. Parsec has withdrawn from and ceased making benefit contributions to the NPW Severance Plan on behalf of Los Angeles Bargaining Unit employees and has commenced making contributions on their behalf to the SIP 401(k) Plan. The SIP 401(k) Plan's assets are held in trust by the SIP 401(k) Plan.

22.     Following Local 986's replacement of Local 707 as exclusive representative for the Los Angeles Bargaining Unit, counsel for Local 986 and Plaintiffs requested the Severance Plan transfer all assets attributable to the individual accounts of Plaintiffs and all Los Angeles Bargaining Unit employees to the SIP 401(k) Plan. Making good on Local 707's threats, the Severance Plan refused to do so. Defendants' refusal to transfer Plaintiffs' account balances to the SIP 401(k) Plan constitutes a violation of Defendants' fiduciary duties and other legal obligations for the reasons set forth in paragraphs 23 to 31, below.

23.     Defendant Board of Trustees and Defendant Meltreger have a fiduciary duty to operate and administer the Severance Plan for the sole benefit of its participants, including Plaintiffs. Defendant Board of Trustees and Defendant Meltreger have failed to do so by refusing to transfer Plaintiffs' account balances to the SIP 401(k) Plan. Defendant Board of Trustees and Defendant Meltreger are depriving these participants of a portion of their earned compensation that was paid as benefit contributions to the Severance Plan.

24.     Further, Plaintiffs are subject to and are now incurring duplicative administrative expenses in maintaining separate accounts in both the Severance Plan and the SIP 401(k) Plan. On information and belief, these costs include, but

COMPLAINT

are not limited to, the expenses of the plan administrator, plan manager, investment manager, actuary, accountant, attorneys, fiduciary liability insurance policy, fidelity bond, office rent, stationery, and printing. Each participant bears or has paid her or his *pro rata* share of these administrative expenses. These duplicative administrative expenses are eroding Plaintiffs' retirement accounts, and are depriving them of a portion of their compensation that was contributed on their behalf by Parsec to the Severance Plan.

25.     If Defendants are compelled to transfer Plaintiffs' account balances to the SIP 401(k) Plan, a Plan they have now chosen, these duplicative fixed costs will be eliminated and, consequently, there will be an increase in the value of each Plaintiff's account and/or an improvement in the quality and quantity of the benefits provided to each Plaintiff. The asset base of the SIP 401(k) Plan will significantly increase, which, in turn, will enable the SIP 401(k) Plan to provide larger benefits to Plaintiffs who have selected the SIP 401(k) Plan as their retirement plan of choice.

26.     Defendant Board of Trustees and Defendant Meltreger have also breached their fiduciary duties, as well as ERISA's anti-discrimination provisions, by discriminating against participants for engaging in union activities protected by the National Labor Relations Act (NLRA). The Plan Document of the Severance Plan entitles participants to a distribution upon "Severance," death or attaining the age of 65. "Severance" is defined as separating from current employment *or* transferring to a non-union position for the *same* employer. A change in bargaining representative is *not expressly* included within the Plan Document's definition of "Severance,' *nor is it expressly excluded.* Nevertheless, the SPD expressly states that "a Severance <u>does not occur</u> if a Participant is employed by a Contributing Employer that decertifies from the Union and the Participant remains employed with the employer" (emphasis in original). In short, the Severance Plan expressly

permits, and has a practice of making, distributions to employees who *leave* the union, either through appointment to a non-union position or termination of employment, but not to employees who exercise their rights under the NLRA to *change* unions, even though this is not expressly prohibited by the Plan Document. This constitutes unlawful discrimination under the NLRA and, in turn, a violation of ERISA's fiduciary duty and anti-discrimination provisions, as well as federal public policy.

27.     Similarly, Defendants' refusal to transfer Plaintiffs' account balances to the SIP 401(k) plan following their selection of a new bargaining representative is arbitrary, unreasonable and capricious, especially in light of the Severance Plan's authorization of account transfers when participants leave the union for any reason other than decertification and/or to join another union.

28.     Under ERISA, Defendant Board of Trustees and Defendant Meltreger owe Plaintiffs a fiduciary duty of loyalty and prudence. Requiring Plaintiffs to keep their pension benefits in a plan jointly managed by a union they affirmatively rejected is inconsistent with their choice of Local 986 as their bargaining representative. The desire of Plaintiffs and other Los Angeles Bargaining Unit employees to switch their accounts from the custody of the NPW Severance Plan, with which they were very dissatisfied, to the Teamsters SIP 401(k) Plan was a key motivating factor in their decision to replace Local 707 with Local 986. Defendant Board of Trustees and Defendant Meltreger have a fiduciary duty to honor Plaintiffs' clearly expressed wishes in this regard.

29.     Likewise, the conduct of Local 707 during the representation election campaign has irreparably impaired Defendants' ability to carry out their fiduciary duties of loyalty and prudence to Plaintiffs. Local 707 strenuously opposed Local 986's organizing campaign and threatened Plaintiffs with a loss of any influence or control over their individual retirement accounts if they left Local 707 for Local

986 because the Severance Plan would refuse to transfer the Los Angeles Bargaining Unit's accounts from the Severance Plan to the SIP 401(k) Plan. The trustees appointed by the NPW Union comprise half of the Severance Plan's Board of Trustees, and, on information and belief, all of them are officers and/or employees of Local 707. The Plan Manager of the Severance Plan (Defendant Meltreger) is also, on information and belief, an officer and/or employee of Local 707. In light of Plaintiffs' rejection of Local 707 following an acrimonious campaign, as well as the anti-transfer threats repeatedly made by Local 707 during the campaign, Defendant Board of Trustees and Defendant Meltreger have failed to comply with their fiduciary duties of loyalty and prudence to Plaintiffs.

30.     Embodied within ERISA, including but not limited to 29 U.S.C. § 1415 [ERISA Section 4235], is a strong public policy favoring the transfer of plan assets to participants' new plan following a certified change in collective bargaining representative. Also embodied within ERISA and the Internal Revenue Code is a strong public policy favoring the portability of employee retirement accounts. Defendants' refusal to transfer Plaintiffs' account balances to the SIP 401(k) Plan is inconsistent with and violates the foregoing policies.

31.     The Severance Plan has a history of engaging in prohibited transactions and other unlawful actions that prevent Defendant Board of Trustees and Defendant Meltreger from loyally and prudently managing Plaintiffs' pension assets. These prohibited transactions and unlawful actions include, but are not limited to, the following:

a.  In 2008, the Severance Plan engaged in a prohibited transaction when its related National Production Workers Union Insurance Trust Fund ("Insurance Trust Fund") – which, on information and belief, is a multi-employer welfare fund as defined by ERISA – made a deposit error of $189,579 of Severance Plan employer contributions.

According to the Severance Plan's Form 5500 for the year 2016, the balance still owed by the Insurance Trust Fund to the Severance Plan as of December 31, 2015 was $139,579, but the "Insurance Fund's financial position does not allow [it] to pay the money back in full at this time." It is unclear whether these funds have been or ever will be repatriated to the Severance Plan.

b. Since 2009, the Severance Plan has approved over $400,000 in loans to the Insurance Trust Fund in violation of its fiduciary duties to Plaintiffs. These prohibited transactions, which are noted on the Severance Plan's Form 5500 for the year 2016, impermissibly redirect money from Plaintiffs' individual accounts, reduce investment returns that otherwise would be attributable to Plaintiffs' accounts and weaken the overall financial condition of the Severance Plan.

c. On January 15, 2016, the United States Department of Labor (DOL) filed suit against the Severance Plan and its then-Plan Manager Anthony Monaco for breach of fiduciary duty in the United States District Court for the Northern District of Illinois. The DOL Complaint alleged that the Severance Plan had improperly used Plan assets to pay expenses of the Insurance Trust Fund; failed to make distributions to over 10,000 participants who had left the Severance Plan and who, collectively, were owed over 13.5 million dollars in distributions; and improperly used plan assets for purposes that were not related to reasonable plan expenses or for the benefit of participants. On or about January 22, 2016, a Consent Order and Judgment was entered in which, *inter alia,* Monaco expressly admitted all of the allegations in the Complaint; Monaco resigned as Plan Manager; and all losses associated with the violations alleged in the Complaint were repaid to

COMPLAINT

the Severance Plan. *See Perez v. Monaco et al.*, Case No. 16-CV-597 (2016).

d. In or about March 2012, the Severance Plan promulgated a new defined contribution retirement plan called the National Production Workers Union 401K Retirement Plan (the "NPW Retirement Plan"). On information and belief, Defendant Board of Trustees is the Plan Sponsor and Plan Administrator of the NPW Retirement Plan, and Defendant Meltreger has been designated by the Board of Trustees to act on its behalf in administering the NPW Retirement Plan. On information and belief, Defendant Board of Trustees and Defendant Meltreger have impermissibly used NPW Severance Plan assets, including assets attributable to Plaintiffs' individual accounts, to establish and fund the NPW Retirement Plan. In doing so, Defendant Board of Trustees and Defendant Meltreger have engaged in prohibited transactions in violation of ERISA and have breached their fiduciary duties to manage the Severance Plan loyally, prudently and for the sole inurement of plan participants.

32.   To fulfill their fiduciary duties and other legal obligations under ERISA, Defendants must effectuate a transfer of Plaintiffs' Severance Plan accounts to the SIP 401(k) Plan. The SIP 401(k) Plan is willing to accept these transfers. In addition, Defendants must restore to the NPW Severance Plan all assets that have been transferred to the NPW Retirement Plan, and any and all loans and all other asset transfers that have been made to the Insurance Trust Fund.

## Allegations Regarding Defendants' Failure to Provide Information Required by ERISA

33.   Under ERISA, Defendants are required to provide annual pension benefit statements to defined contribution plan participants who have their own

individual accounts but do not have the right to direct investment of the assets in that account. Plaintiffs have their own individual accounts but do not have the right to direct investments; therefore, they are entitled to annual pension benefit statements.  On information and belief, Defendants have failed to provide Plaintiffs annual pension benefit statements at any time within the three (3) years prior to the filing of this lawsuit.

34.    Under ERISA, Defendants are required, within thirty (30) days of a written request, to provide participants with, *inter alia,* a Summary Plan Description, annual reports, trust agreement(s), contracts and any other instruments under which the plan is established or operated. On or about July 19, 2017, nine (9) of the Group 1 Plaintiffs – Rodrigo Pastrano, Antonio Veloz, Daniel Huerta, Fermin Hernandez, Anthony Salazar, Miguel Pizana, Pedro Ruiz, Roman Mendoza and Francisco Garcia – submitted identical written requests for the foregoing information (the "July 2017 Information Requests"). A true and correct copy of one such information request is attached hereto as Exhibit "2" and incorporated by reference herein.

35.    On or about August 31, 2017, all of the other Group 1 Plaintiffs submitted requests for the foregoing information (the "August 2017 Information Requests") that were identical in substance to the information request reflected in Exhibit "2."

36.    More than five (5) months later, on January 17, 2018, Defendants first acknowledged receipt of some Group 1 Plaintiffs' requests by sending them a letter acknowledging their earlier requests and stating that Plaintiffs would not be furnished with the requested documents unless they each paid a $15.00 copying fee.

/ / /

/ / /

/ / /

### FIRST CLAIM FOR RELIEF

**(Breach of Fiduciary Duty to Administer Plan for the Sole Inurement and Exclusive Benefit of Participants, 29 U.S.C. §§ 1103(c)(1), 1104(a)(1)(A)(i))**

**(By All Plaintiffs Against All Defendants)**

37.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

38.     29 U.S.C. § 1103(c)(1) [ERISA Section 403(c)(1)] provides that the assets of a plan shall be held for the exclusive purpose of providing benefits to participants in the plan.

39.     29 U.S.C. § 1104(a)(1)(A)(i) [ERISA Section 404(a)(1)(A)(i)] provides that a fiduciary must "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and beneficiaries."

40.     29 U.S.C. § 1109(a) [ERISA Section 409(a)] provides that any person who breaches her or his fiduciary duties "shall be personally liable to make good to such plan any losses to the plan resulting from such breach . . .  and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary."

41.     By not effectuating the transfer of Plaintiffs' account balances from the Severance Plan to the SIP 401(k) Plan, Defendant Board of Trustees and Defendant Meltreger have breached their fiduciary obligations imposed by 29 U.S.C. §§ 1103(c)(1) and 1104(a)(1)(A)(i) [ERISA Sections 403(c)(1) and 404(a)(1)(A)(i)].

42.     In addition, by engaging in the unlawful actions described in Paragraph 31, above, Defendant Board of Trustees and Defendant Meltreger have breached their fiduciary obligations imposed by 29 U.S.C. §§ 1103(c)(1) and 1104(a)(1)(A)(i) [ERISA Sections 403(c)(1) and 404(a)(1)(A)(i)].

43.     Pursuant to 29 U.S.C. §§ 1109(a), 1132(a)(2), and/or 1132(a)(3) [ERISA Sections 409(a), 502(a)(2), 502(a)(3)], Plaintiffs demand:

a.  An Order directing Defendants to provide an accounting to determine the value of each Plaintiff's individual account and, thereafter, to transfer those account balances to SIP 401(k) Plan;

b.  An injunction requiring Defendants, upon request, to transfer the account balances of all current Los Angeles Bargaining Unit employees to the SIP 401(k) Plan;

c.  An injunction requiring Defendants to reform the Trust Agreement, Plan Document and/or SPD to (i) allow participants to transfer their account balances to another multiemployer retirement plan following a certified change in collective bargaining representative and (ii) eliminate plan provisions that discriminate against participants based on union activities, as well as an injunction requiring Defendants to enforce the Plan terms as reformed;

d.  A declaration that all NPW Severance Plan participants have the right to transfer their account balances to another multiemployer retirement plan of their choosing following a certified change in collective bargaining representative;

e.  An injunction requiring Defendants to restore to the NPW Severance Plan all assets that have been transferred to the NPW Retirement Plan and all loans and asset transfers that have been made to the Insurance Trust Fund;

f.  An Order requiring Defendants to provide an accounting of all transactions, disbursements, and dispositions occurring in connection with the Severance Plan and its assets, including but not limited to detailed and specific information about: all asset transfers or

participant account balance transfers made by the Plan to any other retirement plans, employee benefit plans or other entities; all fees and expenses incurred by the Plan, and all loans made and received by the Plan; and

g. An Order (i) removing Defendants Senese, Gibson, Diaz, Malloy and Gore as trustees of the Severance Plan; (ii) removing Defendant Meltreger as Plan Manager of the Severance Plan; and (iii) permanently enjoining Defendants Senese, Gibson, Diaz, Malloy, Gore and Meltreger from serving as trustees, fiduciaries or service providers for the Severance Plan.

44. Plaintiffs have also incurred and continue to incur attorneys' fees and legal expenses and therefore seek to recover reasonable attorneys' fees and costs of suit as available by law, including but not limited to 29 U.S.C. § 1132(g).

## SECOND CLAIM FOR RELIEF

### (Breach of Fiduciary Duty to Defray Expenses in Administering Plan, 29 U.S.C. § 1104(a)(1)(A)(ii))

### (By All Plaintiffs Against All Defendants)

45. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

46. 29 U.S.C. § 1104(a)(1)(A)(ii) [ERISA Section 404(a)(1)(A)(ii)] provides that a fiduciary must "discharge his duties with respect to a plan . . . for the exclusive purpose of defraying reasonable expenses of administering the plan."

47. Defendant Board of Trustees' and Defendant Meltreger's failure to transfer Plaintiffs' accounts balances from the NPW Severance Plan to the SIP 401(k) Plan have caused Plaintiffs to incur duplicative administrative expenses in maintaining both the Severance Plan and the SIP 401(k) Plan. As such, Defendant Board of Trustees and Defendant Meltreger have breached their fiduciary

COMPLAINT

obligations imposed by 29 U.S.C. § 1104(a)(1)(A)(ii) [ERISA Section 404(a)(1)(A)(ii)].

48.   In addition, by engaging in the unlawful actions described in Paragraph 31, above, Defendant Board of Trustees and Defendant Meltreger have breached their fiduciary obligations imposed by 29 U.S.C. § 1104(a)(1)(A)(ii) [ERISA Section 404(a)(1)(A)(ii)].

49.   29 U.S.C. § 1109(a) [ERISA Section 409(a)] provides that any person who breaches her or his fiduciary duties "shall be personally liable to make good to such plan any losses to the plan resulting from such breach . . . and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary."

50.   Pursuant to 29 U.S.C. §§ 1109(a), 1132(a)(2), and/or 1132(a)(3) [ERISA Sections 409(a), 502(a)(2), 502(a)(3)], Plaintiffs demand:

    a.   An Order directing Defendants to provide an accounting to determine the value of each Plaintiff's individual account and, thereafter, to transfer those account balances to SIP 401(k) Plan;

    b.   An injunction requiring Defendants, upon request, to transfer the account balances of all current Los Angeles Bargaining Unit employees to the SIP 401(k) Plan;

    c.   An injunction requiring Defendants to reform the Trust Agreement, Plan Document and SPD to (i) allow participants to transfer their account balances to another multiemployer retirement plan following a certified change in collective bargaining representative and (ii) eliminate plan provisions that discriminate against participants based on union activities, as well as an injunction requiring Defendants to enforce the Plan terms as reformed;

d. An injunction requiring Defendants to restore to the NPW Severance Plan all assets that have been transferred to the NPW Retirement Plan and all loans and asset transfers that have been made to the Insurance Trust Fund;

e. A declaration that all NPW Severance Plan participants have the right to transfer their account balances to another multiemployer retirement plan of their choosing following a certified change in collective bargaining representative;

f. An Order requiring Defendants to provide an accounting of all transactions, disbursements, and dispositions occurring in connection with the Severance Plan and its assets, including but not limited to detailed and specific information about: all asset transfers or participant account balance transfers made by the Plan to any other retirement plans, employee benefit plans or other entities; all fees and expenses incurred by the Plan, and all loans made and received by the Plan; and

g. An Order (i) removing Defendants Senese, Gibson, Diaz, Malloy and Gore as trustees of the Severance Plan; (ii) removing Defendant Meltreger as Plan Manager of the Severance Plan; and (iii) permanently enjoining Defendants Senese, Gibson, Diaz, Malloy, Gore and Meltreger from serving as trustees, fiduciaries or service providers for the Severance Plan.

51. Plaintiffs have also incurred and continue to incur attorneys' fees and legal expenses and therefore seek to recover reasonable attorneys' fees and costs of suit as available by law, including but not limited to 29 U.S.C. § 1132(g).

/ / /

/ / /

### THIRD CLAIM FOR RELIEF

### (Breach of Fiduciary Duty of Prudence, 29 U.S.C. § 1104(a)(1)(B))

### (By All Plaintiffs Against All Defendants)

52.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

53.     29 U.S.C § 1104(a)(1)(B) [ERISA Section 404(a)(1)(B)] provides that a fiduciary must "discharge his duties with respect to a plan . . . with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims."

54.     By not effectuating the transfer of Plaintiffs' account balances from the Severance Plan to the SIP 401(k) Plan, Defendant Board of Trustees and Defendant Meltreger have breached their fiduciary obligations imposed by 29 U.S.C. § 1104(a)(1)(B) [ERISA Section 404(a)(1)(B)].

55.     In addition, by engaging in the unlawful actions described in Paragraph 31, above, Defendant Board of Trustees and Defendant Meltreger have breached their fiduciary obligations imposed by 29 U.S.C. § 1104(a)(1)(B) [ERISA Section 404(a)(1)(B)].

56.     29 U.S.C. § 1109(a) [ERISA Section 409(a)] provides that any person who breaches her or his fiduciary duties "shall be personally liable to make good to such plan any losses to the plan resulting from such breach . . .  and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary."

57.     Pursuant to 29 U.S.C. §§ 1109(a), 1132(a)(2), and/or 1132(a)(3) [ERISA Sections 409(a), 502(a)(2), 502(a)(3)], Plaintiffs demand:

a. An Order directing Defendants to provide an accounting to determine the value of each Plaintiff's individual account and, thereafter, to transfer those account balances to SIP 401(k) Plan;

b. An injunction requiring Defendants, upon request, to transfer the account balances of all current Los Angeles Bargaining Unit employees to the SIP 401(k) Plan;

c. An injunction requiring Defendants to reform the Trust Agreement, Plan Document and SPD to (i) allow participants to transfer their account balances to another multiemployer retirement plan following a certified change in collective bargaining representative and (ii) eliminate plan provisions that discriminate against participants based on union activities, as well as an injunction requiring Defendants to enforce the Plan terms as reformed;

d. An injunction requiring Defendants to restore to the NPW Severance Plan all assets that have been transferred to the NPW Retirement Plan and all loans and asset transfers that have been made to the Insurance Trust Fund;

e. A declaration that all NPW Severance Plan participants have the right to transfer their account balances to another multiemployer retirement plan of their choosing following a certified change in collective bargaining representative;

f. An Order requiring Defendants to provide an accounting of all transactions, disbursements, and dispositions occurring in connection with the Severance Plan and its assets, including but not limited to detailed and specific information about: all asset transfers or participant account balance transfers made by the Plan to any other retirement plans, employee benefit plans or other entities; all fees and

expenses incurred by the Plan, and all loans made and received by the Plan; and

g.   An Order (i) removing Defendants Senese, Gibson, Diaz, Malloy and Gore as trustees of the Severance Plan; (ii) removing Defendant Meltreger as Plan Manager of the Severance Plan; and (iii) permanently enjoining Defendants Senese, Gibson, Diaz, Malloy, Gore and Meltreger from serving as trustees, fiduciaries or service providers for the Severance Plan.

58.   Plaintiffs have also incurred and continue to incur attorneys' fees and legal expenses and therefore seek to recover reasonable attorneys' fees and costs of suit as available by law, including but not limited to 29 U.S.C. § 1132(g).

## FOURTH CLAIM FOR RELIEF

**(Failure to Administer NPW Severance Plan in Accordance with Trust Agreement, Plan Document and Summary Plan Description, 29 U.S.C. §§ 1132(a)(1)(B) and/or (a)(3))**

**(By All Plaintiffs Against All Defendants)**

59.   Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

60.   Article II, Section 2.2(b) of the Trust Agreement states that Defendant Board of Trustees shall use the Severance Plan to "pay and provide for severance benefits in accordance with the Plan."

61.   Article IV, Section 4.4 of the Plan Document of the Severance Plan states: "Under no circumstances shall any part of the corpus or income of the Fund be used for or diverted to purposes other than for the exclusive benefit of the Participants or their Beneficiaries and the payment of the reasonable expenses of administering the Plan and the Fund."

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

62.    Article IX, Section 9.1 of the Plan Document of the Severance Plan provides: "The Trustees shall be the Plan Administrator. The Plan Administrator shall discharge its duties in the interest of the Participants and Beneficiaries and for the exclusive purpose of providing benefits to Participants and their Beneficiaries, and defraying reasonable expenses of administering the Plan and Trust. It shall discharge its duties with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims."

63.    Article VI, Section 6.6 of the Plan Document allows for "direct rollovers" of plan distributions. In pertinent part, it provides that "a distributee may elect to have all or any portion of an eligible rollover distribution paid directly to an eligible retirement plan specified by the distributee in a direct rollover."

64.    Article X, Section 10.5 of the Plan Document authorizes the transfer of plan assets from the Severance Plan to another multiemployer retirement plan under certain conditions. It provides:

> If this Plan merges or consolidates with, or transfers in whole or in part its assets and liabilities to any other plan of deferred compensation maintained or to be established for the benefit of all or some of the Participants of the Plan, the assets of the Trust applicable to such Participants shall be transferred to the other trust only if (i) each Participant in the Plan would remain entitled immediately after the merger, consolidation or transfer to receive a benefit (determined as if the plan then terminated) which is equal to or greater than the benefit he would have been entitled to receive immediately before the merger, consolidation or transfer (determined as if the Plan then terminated); (ii) resolutions of the Trustees and of any new or successor employer of the affected Participants shall authorize such transfer of assets; and in the case of the new or successor employer, its resolutions shall include an assumption of liabilities with respect to

such Participants' inclusion in the new or successor employer's plan; and (iii) such other plan is qualified under Sections 401 and 501(a) of the Code.

65.     Article IX of the Severance Plan's SPD broadly prohibits discrimination. It provides: "No one, including any employer for which you work, your union or any other person, may fire you or otherwise discriminate against you in any way to prevent you from obtaining a pension benefit or exercising your rights under ERISA."

66.     By not effectuating the transfer of Plaintiffs' account balances from the Severance Plan to the SIP 401(k) Plan, Defendants have breached the foregoing terms of the Plan Document, the Trust Agreement, and the SPD.

67.     In addition, by engaging in the unlawful actions described in Paragraph 31, above, Defendants have breached Article II, Section 2.2(b) of the Trust Agreement and Article IV, Section 4.4 and Article IX, Section 9.1 of the Plan Document.

68.     The Severance Plan's internal review and appeals procedures do not apply to this claim for relief, but to the extent the Court may believe they do, such internal remedies have been exhausted, would be futile, or are otherwise excused.

69.     Pursuant to 29 U.S.C. §§ 1132(a)(1)(B) and/or (a)(3) [ERISA Sections 502(a)(1)(B), (a)(3)], Plaintiffs demand:

    a.  An Order directing Defendants to provide an accounting to determine the value of each Plaintiff's individual account and, thereafter, to transfer those account balances to SIP 401(k) Plan;

    b.  An injunction requiring Defendants to restore to the NPW Severance Plan all assets that have been transferred to the NPW Retirement Plan and all loans and asset transfers that have been made to the Insurance Trust Fund; and

COMPLAINT

c. An Order requiring Defendants to provide an accounting of all transactions, disbursements, and dispositions occurring in connection with the Severance Plan and its assets, including but not limited to detailed and specific information about: all asset transfers or participant account balance transfers made by the Plan to any other retirement plans, employee benefit plans or other entities; all fees and expenses incurred by the Plan, and all loans made and received by the Plan.

70.    Plaintiffs have also incurred and continue to incur attorneys' fees and legal expenses and therefore seek to recover reasonable attorneys' fees and costs of suit as available by law, including but not limited to 29 U.S.C. § 1132(g).

## FIFTH CLAIM FOR RELIEF

**(Breach of Fiduciary Duty to Administer NPW Severance Plan in Accordance With Trust Agreement, Plan Document and Summary Plan Description, 29 U.S.C. §§ 1104(a)(1)(D))**

**(By All Plaintiffs Against All Defendants)**

71.    Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

72.    29 U.S.C § 1104(a)(1)(D) [ERISA Section 404(a)(1)(D)] provides that a fiduciary must "discharge his duties . . . in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III."

73.    By not effectuating the transfer of Plaintiffs' account balances from the Severance Plan to the SIP 401(k) Plan, Defendant Board of Trustees and Defendant Meltreger have failed to act in accordance with provisions of the plan's governing documents described in Paragraphs 60 to 65, above: *e.g.,* Article II, Section 2.2(b) of the Trust Agreement; Article IV, Section 4.4, Article IX, Section 9.1, Article VI,

Section 6.6, and Article X, Section 10.5 of the Plan Document; and Article IX of the SPD. As such, Defendant Board of Trustees and Defendant Meltreger have breached their fiduciary duties under 29 U.S.C § 1104(a)(1)(D) [ERISA Section 404(a)(1)(D)].

74.   In addition, by engaging in the unlawful actions described in Paragraph 31, above, Defendant Board of Trustees and Defendant Meltreger have failed to act in accordance with Article 2.2(b) of the Trust Agreement and Article IV, Section 4.4 and Article IX, Section 9.1 of the Plan Document. As such, Defendant Board of Trustees and Defendant Meltreger have breached their fiduciary duties under 29 U.S.C § 1104(a)(1)(D) [ERISA Section 404(a)(1)(D)].

75.   29 U.S.C. § 1109(a) [ERISA Section 409(a)] provides that any person who breaches her or his fiduciary duties "shall be personally liable to make good to such plan any losses to the plan resulting from such breach . . . and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary."

76.   Pursuant to 29 U.S.C. §§ 1109(a), 1132(a)(2), and/or 1132(a)(3) [ERISA Sections 409(a), 502(a)(2), 502(a)(3)], Plaintiffs demand:

    a.   An Order directing Defendants to provide an accounting to determine the value of each Plaintiff's individual account and, thereafter, to transfer those account balances to SIP 401(k) Plan;

    b.   An injunction requiring Defendants, upon request, to transfer the account balances of all current Los Angeles Bargaining Unit employees to the SIP 401(k) Plan;

    c.   A declaration that all NPW Severance Plan participants have the right to transfer their account balances to another multiemployer retirement plan of their choosing following a certified change in collective bargaining representative;

d. An injunction requiring Defendants to restore to the NPW Severance Plan all assets that have been transferred to the NPW Retirement Plan and all loans and asset transfers that have been made to the Insurance Trust Fund;

e. An Order requiring Defendants to provide an accounting of all transactions, disbursements, and dispositions occurring in connection with the Severance Plan and its assets, including but not limited to detailed and specific information about: all asset transfers or participant account balance transfers made by the Plan to any other retirement plans, employee benefit plans or other entities; all fees and expenses incurred by the Plan, and all loans made and received by the Plan; and

f. An Order (i) removing Defendants Senese, Gibson, Diaz, Malloy and Gore as trustees of the Severance Plan; (ii) removing Defendant Meltreger as Plan Manager of the Severance Plan; and (iii) permanently enjoining Defendants Senese, Gibson, Diaz, Malloy, Gore and Meltreger from serving as trustees, fiduciaries or service providers for the Severance Plan.

77. Plaintiffs have also incurred and continue to incur attorneys' fees and legal expenses and therefore seek to recover reasonable attorneys' fees and costs of suit as available by law, including but not limited to 29 U.S.C. § 1132(g).

## SIXTH CLAIM FOR RELIEF

### (Failure to Transfer Plan Assets, 29 U.S.C. § 1415 and Federal Common Law)
### (By All Plaintiffs Against All Defendants)

78. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

33
COMPLAINT

79. Under 29 U.S.C. § 1415(a) [ERISA Section 4235], an "old" multiemployer pension plan is required to transfer plan assets to a "new" plan when an employer has "completely or partially withdrawn from a multiemployer plan . . . as a result of a certified change in collective bargaining representative . . . if participants of the old plan who are employed by the employer will, as a result of that change, participate in another multiemployer plan."

80. In enacting ERISA, Congress empowered the courts to "develop a federal common law of rights and obligations under ERISA-regulated plans." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 110 (1989) (internal quotation marks and citation omitted). Consistent with this congressional intent, courts may create federal common law under ERISA to fill gaps in the statutory scheme, cure statutory ambiguities, and promote ERISA's fundamental policies. *See Salyers v. Metro. Life Ins. Co.,* 871 F.3d 934, 939 (9th Cir. 2017); *Local 6-0682 Int'l Union of Paper, Allied Indus., Chem. & Energy Workers v. Nat'l Indus. Grp. Pension Plan,* 342 F.3d 606, 609 (6th Cir. 2003).

81. Though Section 1415 is traditionally applied to transfers by defined benefit plans, Section 1415 and ERISA's statutory scheme embody a strong public policy favoring the right of plan participants in both defined benefit and defined contribution plans to transfer their account balances to a new retirement plan following a certified change in collective bargaining representative. This public policy should be equally applicable to defined benefit and defined contribution plans.

82. Defendants have failed and refused to transfer the Los Angeles Bargaining Unit employees' plan assets to the SIP 401(k) Plan following Local 986's lawful replacement of Local 707 as the Los Angeles Bargaining Unit's certified bargaining representative, Parsec's withdrawal from the Severance Plan with respect to the Los Angeles Bargaining Unit, and Parsec's participation in the

SIP 401(k) Plan. As such, Defendants have violated 29 U.S.C. § 1415 and ERISA federal common law.

83.   Pursuant to 29 U.S.C. §§ 1132(a)(2), 1132(a)(3) and/or 1451(a)(1) [ERISA Sections 502(a)(2), 502(a)(3), 4301], Plaintiffs demand:

   a.   An Order directing Defendants to provide an accounting to determine the value of each Plaintiff's individual account and, thereafter, to transfer those account balances to SIP 401(k) Plan;

   b.   An injunction requiring Defendants, upon request, to transfer the account balances of all current Los Angeles Bargaining Unit employees to the SIP 401(k) Plan;

   c.   An injunction requiring Defendants to reform the Trust Agreement, Plan Document and SPD to (i) allow participants to transfer their account balances to another multiemployer retirement plan following a certified change in collective bargaining representative and (ii) eliminate plan provisions that discriminate against participants based on union activities, as well as an injunction requiring Defendants to enforce the Plan terms as reformed; and

   d.   A declaration that all NPW Severance Plan participants have the right to transfer their account balances to another multiemployer retirement plan of their choosing following a certified change in collective bargaining representative.

84.   Plaintiffs have also incurred and continue to incur attorneys' fees and legal expenses and therefore seek to recover reasonable attorneys' fees and costs of suit as available by law, including but not limited to 29 U.S.C. §§ 1132(g) and 1451(d).

///

///

**SEVENTH CLAIM FOR RELIEF**

**(Discriminatory Interference with Protected Rights, 29 U.S.C. § 1140)**

**(By All Plaintiffs Against All Defendants)**

85.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

86.     29 U.S.C § 1140 [ERISA Section 510] provides, in pertinent part as follows: "It shall be unlawful for any person to . . . discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, this subchapter . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan [or] this subchapter . . . ."

87.     By not effectuating the transfer of Plaintiffs' account balances from the Severance Plan to the SIP 401(k) Plan, Defendants have discriminated against Plaintiffs for exercising their right to select a new collective bargaining and for the purpose of interfering with Plaintiffs' right to transfer their Severance Plan account balances to the SIP 401(k) Plan. Through the foregoing unlawful conduct, Defendants have violated 29 U.S.C. § 1140 [ERISA Section 510].

88.     Pursuant to 29 U.S.C. §§ 1132(a)(1)(B) and/or (a)(3) [ERISA Sections 502(a)(1)(B), (a)(3)], Plaintiffs demand:

 a.  An Order directing Defendants to provide an accounting to determine the value of each Plaintiff's individual account and, thereafter, to transfer those account balances to SIP 401(k) Plan;

 b.  An injunction requiring Defendants, upon request, to transfer the account balances of all current Los Angeles Bargaining Unit employees to the SIP 401(k) Plan;

 c.  An injunction requiring Defendants to reform the Trust Agreement, Plan Document and SPD to (i) allow participants to transfer their

36

COMPLAINT

account balances to another multiemployer retirement plan following a certified change in collective bargaining representative and (ii) eliminate plan provisions that discriminate against participants based on union activities, as well as an injunction requiring Defendants to enforce the Plan terms as reformed; and

d. A declaration that all NPW Severance Plan participants have the right to transfer their account balances to another multiemployer retirement plan of their choosing following a certified change in collective bargaining representative.

89. Plaintiffs have also incurred and continue to incur attorneys' fees and legal expenses and therefore seek to recover reasonable attorneys' fees and costs of suit as available by law, including but not limited to 29 U.S.C. § 1132(g).

## EIGHTH CLAIM FOR RELIEF

### (Prohibited Transactions, 29 U.S.C. § 1106)

### (By All Plaintiffs Against All Defendants)

90. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

91. 29 U.S.C § 1106(a)(1) [ERISA Section 406(a)(1)] prohibits, *inter alia,* Defendant Board of Trustees and Defendant Meltreger from engaging in the "lending of money or other extension of credit between the plan and a party in interest," or "transfer[ring] to, or us[ing] by or for the benefit of a party in interest, of any assets of the plan."

92. 29 U.S.C § 1106(b)(1) [ERISA Section 406(b)(1)] prohibits, *inter alia,* Defendant Board of Trustees and Defendant Meltreger from "deal[ing] with the assets of the plan in [their] own interest or for [their] own account."

93. 29 U.S.C § 1106(b)(2) [ERISA Section 406(b)(2)] prohibits Defendant Board of Trustees and Defendant Meltreger from "act[ing] in any transaction

involving the plan on behalf of a party (or represent[ing]a party) whose interests are adverse to the interests of the plan or the interests of its participants or beneficiaries."

94.    By using NPW Severance Plan assets, including assets attributable to Plaintiffs' individual accounts, to establish and fund the NPW Retirement Plan and to make loans to the Insurance Trust Fund, Defendant Board of Trustees and Defendant Meltreger have engaged in prohibited transactions in violation of 29 U.S.C. §§ 1106(a) and (b) [ERISA Sections 406(a), (b)].

95.    29 U.S.C. § 1109(a) [ERISA Section 409(a)] provides that any person who breaches her or his fiduciary duties "shall be personally liable to make good to such plan any losses to the plan resulting from such breach . . . and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary."

96.    Pursuant to 29 U.S.C. §§ 1109(a), 1132(a)(2), and/or 1132(a)(3) [ERISA Sections 409(a), 502(a)(2), 502(a)(3)], Plaintiffs demand:

   a. An injunction requiring Defendants to restore to the NPW Severance Plan all assets that have been transferred to the NPW Retirement Plan and all loans and asset transfers that have been made to the Insurance Trust Fund;

   b. An Order requiring Defendants to provide an accounting of all transactions, disbursements, and dispositions occurring in connection with the Severance Plan and its assets, including but not limited to detailed and specific information about: all asset transfers or participant account balance transfers made by the Plan to any other retirement plans, employee benefit plans or other entities; all fees and expenses incurred by the Plan, and all loans made and received by the Plan; and

c. An Order (i) removing Defendants Senese, Gibson, Diaz, Malloy and Gore as trustees of the Severance Plan; (ii) removing Defendant Meltreger as Plan Manager of the Severance Plan; and (iii) permanently enjoining Defendants Senese, Gibson, Diaz, Malloy, Gore and Meltreger from serving as trustees, fiduciaries or service providers for the Severance Plan.

97. Plaintiffs have also incurred and continue to incur attorneys' fees and legal expenses and therefore seek to recover reasonable attorneys' fees and costs of suit as available by law, including but not limited to 29 U.S.C. § 1132(g).

### NINTH CLAIM FOR RELIEF

### (Failure to Automatically Provide Required Information, 29 U.S.C. §§ 1025(a), 1132(c)(1))

### (By All Plaintiffs Against All Defendants)

98. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

99. 29 U.S.C. § 1025(a)(1)(A)(ii) requires Defendant Board of Trustees and Defendant Meltreger to provide annual pension benefit statements to all participants. The pension benefit statements must contain the information described in 29 U.S.C. § 1025(a)(2).

100. Within the three (3) years prior to the filing of this lawsuit, Defendant Board of Trustees and Defendant Meltreger have not provided Plaintiffs with annual pension benefit statements as required by 29 U.S.C. §§ 1125(a)(1)(A)(ii) and (a)(2).

101. 29 U.S.C. § 1132(c)(1) provides for penalties of $110 per day per violation for Defendants' failure to provide pension benefit statements in accordance with 29 U.S.C. § 1025(a).

102.   Plaintiffs demand, pursuant to 29 U.S.C. §§ 1132(a)(1)(A) and (c)(1), penalties in the amount of $110 per day for each of them commencing three (3) years prior to the filing this action and through the date of judgment.

103.   Plaintiffs also demand, pursuant to 29 U.S.C. §§ 1025(a), 1132(a)(1)(A), (a)(3) and/or (c)(1), an order requiring Defendant Trustees to provide Plaintiffs annual benefit statements as required by 29 U.S.C. §§ 1025(a) unless and until they no longer have account balances.

104.   Plaintiffs have also incurred and continue to incur attorneys' fees and legal expenses and therefore seek to recover reasonable attorneys' fees and costs of suit as available by law, including but not limited to 29 U.S.C. § 1132(g).

### TENTH CLAIM FOR RELIEF

### (Failure to Provide Requested Information, 29 U.S.C. §§ 1024(b)(1), 1024(b)(2), 1025(a) and 1132(c)(1)

### (By Group 1 Plaintiffs Against All Defendants)

105.   Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

106.   29 U.S.C. §§ 1024(b)(1), 1024(b)(4), 1025(a) and 1132(c)(1), collectively, require Defendant Board of Trustees and Defendant Meltreger to provide participants, upon request, a copy of the Severance Plan's SPD, the latest annual report, a summary of material modifications, the trust agreement and any other instruments under which the plan is established or operated, as well as annual pension benefit statements.

107.   On or about July 19, 2017, Group 1 Plaintiffs Rodrigo Pastrano, Antonio Veloz, Daniel Huerta, Fermin Hernandez, Anthony Salazar, Miguel Pizana, Pedro Ruiz, Roman Mendoza and Francisco Garcia sent Defendants a written request for the foregoing information that were all identical in substance to the information request reflected in Exhibit "2" hereto. On or about August 31,

2017, all of the other Group 1 Plaintiffs sent Defendants written requests for the foregoing information that were all identical in substance to the information request reflected in Exhibit "2."

108.   On or about January 17, 2018, Defendants sent some Group 1 Plaintiffs a letter acknowledging receipt of their earlier requests and stating that Plaintiffs would not be provided the requested documents unless they each pay a $15.00 copying fee.

109.   29 U.S.C. § 1132(c)(1) provides for penalties of $110 per day per violation for Defendants' failure to provide the information requested by Plaintiffs within thirty (30) days of such request.

110.   Accordingly, the Group 1 Plaintiffs demand, pursuant to 29 U.S.C. §§ 1024(b)(1), 1024(b)(4), 1025(a), 1132(a)(1)(A) and (c)(1), penalties in the amount of $110 per day commencing on August 21, 2017 for the Group 1 Plaintiffs who sent information requests on July 19, 2017 and commencing on October 1, 2017 for the Group 1 Plaintiffs who sent information requests on August 31, 2017, and through the date of judgment herein or until receipt by Plaintiffs of Defendants' January 17, 2018 letter, if deemed appropriate by the Court.

111.   Group 1 Plaintiffs also demand, pursuant to 29 U.S.C. §§ 1132(a)(1)(A), (a)(3) and/or (c)(1), an order requiring Defendants to provide them the information requested in their July 2017 and August 2017 information requests.

112.   Group 1 Plaintiffs have also incurred and continue to incur attorneys' fees and legal expenses and therefore seek to recover reasonable attorneys' fees and costs of suit as available by law, including but not limited to 29 U.S.C. § 1132(g).

/ / /

/ / /

/ / /

/ / /

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray as follows:

1.      For an Order directing Defendants to provide an accounting to determine the value of each Plaintiff's individual account and, thereafter, to transfer those account balances to SIP 401(k) Plan;

2.      For an injunction requiring Defendants, upon request, to transfer the account balances of all current Los Angeles Bargaining Unit employees to the SIP 401(k) Plan;

3.      For an injunction requiring Defendants to reform the Trust Agreement, Plan Document and SPD to (i) allow participants to transfer their account balances to another multiemployer plan following a certified change in collective bargaining representative; and (ii) eliminate plan provisions that discriminate against participants based on union activities, as well as an injunction requiring Defendants to enforce the Plan terms as reformed;

4.      For a declaration that all NPW Severance Plan participants have the right to transfer their account balances to another multiemployer retirement plan of their choosing following a certified change in collective bargaining representative;

5.      For an injunction requiring Defendants to restore to the NPW Severance Plan all assets that have been transferred to the NPW Retirement Plan and all loans and asset transfers that have been made to the Insurance Trust Fund;

6.      For an Order requiring Defendants to provide an accounting of all transactions, disbursements, and dispositions occurring in connection with the Severance Plan and its assets, including but not limited to detailed and specific information about: all asset transfers or participant account balance transfers made by the Plan to any other retirement plans, employee benefit plans or other entities;

all fees and expenses incurred by the Plan, and all loans made and received by the Plan;

7.  For an Order (i) removing Defendants Senese, Gibson, Diaz, Malloy and Gore as trustees of the Severance Plan; (ii) removing Defendant Meltreger as Plan Manager of the Severance Plan; and (iii) permanently enjoining Defendants Senese, Gibson, Diaz, Malloy, Gore and Meltreger from serving as trustees, fiduciaries or service providers for the Severance Plan;

8.  For penalties at the rate of $110 per day to each Plaintiff for Defendants' failure to automatically provide annual pension benefit statements;

9.  For penalties at the rate of $110 per day per violation to each Group 1 Plaintiff for Defendants' failure to provide information requested by the Individual Plaintiffs, with each penalty item separately calculated;

10.  For an Order requiring Defendants to provide (a) All Plaintiffs with annual benefit statements, as required by 29 U.S.C. §§ 1125(a) unless and until they no longer have account balances; and (b) All Group 1 Plaintiffs with the information sought in their July and August 2017 information requests;

11.  For interest as available by law;

12.  For reasonable attorneys' fees and costs of suit as available by law, including but not limited 29 U.S.C. §§ 1132(g) and 1451(e); and

13.  For such other equitable and/or remedial relief as the Court may deem just and proper.

/ / /
/ / /
/ / /
/ / /
/ / /

COMPLAINT

Dated:  April 11, 2018                     Respectfully submitted,

                                           **LEVY PHILLIPS, APC**

                              By:   /S/ Ralph M. Phillips
                                    Ralph M. Phillips, Esq.
                                    Lewis N. Levy, Esq.
                                    Daniel R. Barth, Esq.
                                    Attorneys for Plaintiffs Robert
                                    Aguilar, et al.

COMPLAINT